IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY CLOVEN,<br><br>    Plaintiff,<br><br>v.<br><br>BETTY DOE, ET AL.,<br><br>    Defendants. | CV-06-0994-PCT-NVW (BPV)<br><br>**REPORT AND RECOMMENDATION** |

This is a civil rights action filed by a state prisoner who was previously confined in the Coconino County jail.

A.  *Procedural History*

In his Complaint, Plaintiff named as Defendants (1) Nurse Betty Doe and (2) the Coconino County Jail. In Count I of the Complaint, Plaintiff alleged that when he was brought into the Coconino County jail, he underwent a medical examination at which time he informed Defendant Doe and various other medical staff that the vision in his right eye was diminishing. However, because Defendant Doe failed to give him a proper examination, he continued to suffer problems and eventually lost sight in that eye. Plaintiff alleges that Doctor McGarey informed him that if he had been properly diagnosed and treated upon entry into the jail, he would have not lost his eyesight. In Count II, Plaintiff alleges that as the result of the "Coconino County jail Official's doing what's easy (nothing) rather than what's necessary," he lost sight in his right eye. Plaintiff seeks monetary and other relief.

By screening order, the District Court the Coconino County Sherrif's Office as an

1  improperly named Defendant, and, because the only Defendant named II was Coconino County
2  Jail, Count II was also dismissed.

3       The District Court allowed Count I to proceed, ordering an answer from Defendant Doe.
4  The Court noted, however, that the use of anonymous type appellations to identify defendants
5  was not favored, and, as a practical matter, it is impossible in most instances for the United
6  States Marshal or his designee to serve a summons and complaint or amended complaint upon
7  an anonymous defendant. The Court directed Plaintiff to provide sufficient information so that
8  service could be affected. (Doc. No. 3.)

9       The District Court provided Plaintiff with a service packet to complete and return to the
10 Court to provide for service of process by certified mail. Plaintiff completed the packet,
11 providing the name "Betty Doe" and an address for service. (Doc. No. 13.) The summons was
12 returned unexecuted as to Betty Doe, with the remark "Full name required for service." (Id.)

13      Betty Doe, without further identifying information, is clearly insufficient to identify and
14 serve the intended Defendant in this case. The Ninth Circuit has haled that where identify is
15 unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through
16 discovery to identify the unknown defendants, unless it is clear that discovery would not
17 uncover the identities or that the complaint would be dismissed on other grounds. *Wakefield*
18 *v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637,
19 642 (9th Cir. 1980).

20      Accordingly, on November 21, 2006, this Court granted Plaintiff 30 days to submit a
21 response consisting of either (1) the name of the Betty Doe Defendant, or (2) an explanation of
22 what Plaintiff has done to try to learn the name, and the identify of the Betty Doe Defendant.
23 (Doc. No. 14.)

24      Plaintiff was notified that if he failed to timely comply with every provision of the
25 November 21, 2006 order the action would be dismissed pursuant to Rule 41(b) of the Federal
26 Rules of Civil Procedure, and the Magistrate Judge would recommend to the District Court that
27 the District Court dismiss this action without further notice to Plaintiff if he failed to file a
28 "Response." (Id.)

1   To date, Plaintiff has not submitted a response, or any other paper indicating his efforts
2   to obtain any further identifying information regarding the Betty Doe defendant.

### RECOMMENDATION

4   Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge
5   recommends that the "Civil Rights Complaint By A Prisoner" (Doc. No. 1) and this action be
6   DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil
7   Procedure for failure to prosecute.

8   Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
9   10 days after being served with a copy of this Report and Recommendation.  If objections
10  are not timely filed they may be deemed waived. The parties are advised that any objections
11  filed are to be identified with the following case number: **CV 06-0994-PHX-NVW.**

12  DATED this 9th day of January, 2007.

_____
Bernardo P. Velasco
United States Magistrate Judge